UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
27551 SOUTH LAZY MEADOW WAY            CIVIL ACTION NO. 20-CV-00258-
SPRING, TEXAS 77386

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

**NATURE OF THE ACTION**

This is a civil action in rem brought to forfeit and condemn to the United States 27551 South Lazy Meadow Way, Spring, Texas 77386 (the "defendant property"), representing property which is derived from proceeds traceable to a violation of bank fraud, in violation of 18 U.S.C. § 1344, and thus, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and representing proceeds traceable to the exchange of moneys for controlled substances, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

**JURISDICTION AND VENUE**

The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in

1

rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

The defendant property consists of the property located at 27551 South Lazy Meadow Way, Spring, Texas 77386 (the "defendant property"), with all appurtenances, improvements, and attachments thereon, and is more fully described below:

> Lot One Hundred Four (104), in Block Two (2), of BENDERS LANDING ESTATES, SEC. 6, a subdivision of 390.00 acre of land out of the R.N. Davis Survey, A-161, Montgomery County, Texas, according to the map or plat thereof recorded in Cabinet Z, Sheet 1259 of the Map Records of Montgomery County, Texas.

The record owner of the property is Martrell Harris.

## FACTS

### Harris' Suspected Narcotics Activities

1. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has been conducting an investigation of Martrell Antonio Harris ("Harris") for several years. Harris is believed to be the head of a violent drug trafficking organization that originated in Baton Rouge, Louisiana. It is believed that Harris has been involved in drug trafficking for several years, dating back to the mid-1990s. Harris has amassed several million dollars in assets and is believed to have directed several violent acts in order to maintain his status in the organization. Harris has been the subject of numerous federal and state investigations. Carroll Landry, the ATF special agent assigned to this case, has contacted numerous witnesses who have confirmed that Harris has sold and is currently selling illegal narcotics in the Baton Rouge area. It is

believed that he has used the proceeds of his illegal drug activity to purchase the lot on the defendant property and has used the proceeds of bank fraud to build the residence on the defendant property.

2. Throughout the course of this investigation, ATF agents and officers have spoken with several different cooperating witnesses concerning Harris' involvement in narcotics trafficking for several years.

3. Cooperator A advised that he/she was hired by Harris to cook cocaine base into crack cocaine. This cooperator cooked crack cocaine for Harris for several months in the early 2000s. This cooperator advised that Harris would bring him/her one or more kilograms of cocaine and they would cook crack cocaine in furtherance of Harris's distribution efforts.

4. Cooperator B advised that he/she was taught by Harris how to "cut" heroin. Cooperator B also purchased narcotics from a third party whom Cooperator B personally saw go to a property owned by Harris to retrieve the narcotics. Cooperator B would meet the third party to purchase cocaine numerous times between the late 2000s and 2013.

5. Cooperator C advised that Harris provided him/her with narcotics and money on multiple occasions between 2010 and 2015. Cooperator C added that he/she usually received heroin from Harris.

6. Cooperator D sampled and tested illegal narcotics at a residence in Houston, Texas, for Harris on several occasions in 2017, with Harris present. Cooperator D also tested heroin for Harris in Baton Rouge between 2015 and 2017, both times with Harris present.

7. Cooperator E advised that he has known Martrell Harris since the mid-1990s. This cooperator advised that Harris was his/her boss and leader of his own drug trafficking organization. This cooperator has been paid in illegal narcotics for work for Harris. This

3

cooperator advised that not many people could buy drugs directly from Harris. Only the subjects who were at the top of the organization could get narcotics directly from Harris. This cooperator observed Harris and his associates cook crack cocaine on many occasions.

8. Cooperator F purchased large quantities of cocaine on several occasions from Harris between approximately 2007 and 2012.

### Harris' Companies

9. According to the Louisiana Secretary of State's Office corporate database, Harris was listed as the registered agent and only officer of a purported business called T&H Sons & Trucking, LLC ("T&H Trucking"), 3523 Mission Drive, Baton Rouge, Louisiana. 3523 Mission Drive is a residence on a residential street in Baton Rouge. On or about May 27, 2005, this company obtained a business license from the Louisiana Secretary of State's Office to initiate this trucking business. This license was revoked on August 18, 2009. Louisiana Department of Labor records indicate no wages earned by any employees of T&H Trucking and no tax returns filed from approximately 2015 to the present. Additionally, a review of bank accounts utilized by Harris purportedly for business purposes reflect no sales tax payments submitted to the Louisiana Department of Revenue for T&H Trucking in 2015 through 2018.

10. Additionally, Louisiana Secretary of States records revealed Harris was listed as the registered agent and only officer of a purported business called Harris & Sons Construction, LLC, 3523 Mission Drive, Baton Rouge, Louisiana. This company obtained a business license on May 17, 2012; the license was revoked on August 21, 2015. There were no other records with the Louisiana Secretary of State's office indicating a trucking business.

11. According to the records of the Texas Secretary of State, on October 26, 2017, HARRIS obtained a business license for T&H Construction, LLC, listing 5621 Van Zandt Street,

4

Houston, Texas, as its business address. Additionally, Harris listed himself as the sole manager of the business, and listed 5621 Van Zandt Street as his address. T&H Construction forfeited its active status on January 25, 2019.

## Purchases of Real Property

12. Harris has purchased numerous properties, many of them with cash. He owns numerous properties in East Baton Rouge Parish and the residence at defendant property which is the last-known personal residence and the address for his purported business operations.[1] According to conveyance records from East Baton Rouge Parish, Harris purchased five single-family dwellings and one quad-plex multi-family dwelling from 2006 through 2012 for a total of approximately $137,000 in cash.

## Purchase and financing of Defendant Property

13. On January 21, 2015, Harris purchased the lot on which the residence at the defendant property was built. Harris paid down $165,000.00 in cash for the lot. Records obtained from the title company that conducted the closing indicate that Harris funded the $165,000.00 cash purchase of the lot with three official checks: an official check from Capital One Bank dated 01/21/2015 in the amount of $30,069.49, an official check from JP Morgan Chase Bank dated 01/20/2015 in the amount of $115,000.00, and an official check from Pelican State Credit Union dated 01/16/2015 in the amount of $20,000.00.

14. The official check from Capital One Bank originated from a $30,079.49 withdrawal from Capital One Bank Checking Account Number ******5745 in the name of T&H

---

[1] Harris is currently a fugitive from two murder warrants issued by the 19th Judicial District, State of Louisiana. His current whereabouts are unknown.

Trucking, 3523 Mission Dr., Baton Rouge, LA.[2]  Signature card records indicate that Harris is the only authorized signor on this account.  From January 23, 2014, through January 8, 2015, there were approximately $103,035 in deposits.  Of these deposits, approximately $82,925 were cash deposits, approximately $2,435 were card purchase credits, and 9 cashier's checks totaling approximately $6,750 from James Harris, Jr., indicating that these were rent payments, and several small MoneyGram payments.

15. The official check from JP Morgan Chase Bank originated from a $115,000 withdrawal from JP Morgan Chase Bank Checking Account Number *****7169 in the name of Martrell A. Harris, 3523 Mission Dr., Baton Rouge, LA.[3]  Signature card records indicate that Harris is the only authorized signor on this account.  On January 6, 2015, this account received a deposit of a Neighbors FCU official check in the amount of $6,000 made payable to Martrell Harris or Louis Bernard.  On January 7, 2015, this account received a deposit of a Neighbors FCU official check in the amount of $50,000 made payable to Martrell Harris or Louis Bernard.

16. The $20,000 official check from Pelican State Credit Union originated from Harris' then-girlfriend, Naoshia Carroll's account number ***549.

17. On April 24, 2015, Harris applied for a $700,000 construction loan with Bancorp South.  In the application, he listed his total monthly income as $17,445.83, with $9,195.83 originating from rental income and $8,250 earned from his trucking company, T&H Trucking. He also listed that his primary residence for the previous five years was 37349 Ski Side Avenue, Prairieville, LA.  Harris signed the acknowledgement on the loan application indicating that all of the information that he provided in the loan application was true and correct.  Bancorp South

---

[2] The bank charged a $10 fee for the cashier's check.

[3] The bank charged a $10 fee for the cashier's check.

relied on the information in the loan application provided by Harris, including Harris' account of his monthly income, to approve him for this loan.

18. From this construction loan, Harris drew down approximately $365,000 of the total available credit.[4] These proceeds of the bank loan were used to build the house at 27551 South Lazy Meadow Way. Fannie Mae currently holds this mortgage and Flagstar Bank services the loan. Fannie Mae's current exposure is approximately $365,000.

### Records pertaining to Harris' companies

19. In the Bancorp South records, an officer noted that Harris used his trucking company to deliver or transport goods. The investigation has not revealed the existence of any trucks for T&H Trucking. The bank records did not reveal the existence of any trucking-related expenses including expenses for payroll, truck maintenance, gas, or insurance.

20. In February 2020, agents from the ATF and other law enforcement officers executed a search warrant of the defendant property which was the purported business location for T&H Trucking. During the search of the residence, the only documentation located associated with T&H Trucking was from a stack of receipts from approximately 2005 to 2006. Furthermore, no records were found pertaining to T&H Construction.

21. The investigation did not reveal evidence to support Harris' claim of earning $9,195 per month in rental income. The bank records did reveal some deposits purporting to be rental income payments. However, the bank records do not support the existence of rental property income near $9,000 per month.

---

[4] Harris' loan was subsequently repurchased by another lender. On March 30, 2017, Harris refinanced his loan with the new holder of the loan, Western Mortgage, for $380,000.

**Operations of a Legitimate Trucking Company**

22.     To determine whether or not a trucking business is a cash-intensive business and would normally maintain any records, ATF agent Carroll Landry interviewed the owner of a trucking business which has been in operation for over ten years.   The owner advised that cash is rarely used in the trucking business.   He advised that a trucking company has three major expenses: fuel, tires, and maintenance.   Even a small trucking company would likely spend thousands of dollars in fuel each month.   Large truck tires are expensive to purchase and to repair.   Spending cash for any of these expenses would be counter-productive for a legitimate trucking business because they could not be used to track expenses and to reduce federal and state tax liability.   Furthermore, a legitimate trucking business would have numerous records. These would include not just records of fuel, tires, and maintenance, but also for business insurance, truck insurance, worker's compensation, business licenses, and employees.

**LAW**

18 U.S.C. § 981(a)(1)(C) provides that the following shall be subject to forfeiture to the United States:

> "The following property is subject to forfeiture to the United States: Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section … 1344 of this title …."

21 U.S.C. § 881(a)(6) provides that the following shall be subject to forfeiture to the United States:

> "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

## BASIS FOR FORFEITURE

The defendant property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) because it represents proceeds traceable to a violation of bank fraud, in violation of 18 U.S.C. § 1344. The defendant property is also subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it represents proceeds traceable to the exchange of moneys for controlled substances.

Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

BRANDON J. FREMIN
UNITED STATES ATTORNEY

/s/ J. Brady Casey
J. Brady Casey, LBN 24338
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: john.casey@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

IN THE MATTER OF
27551 SOUTH LAZY MEADOW WAY         CIVIL ACTION NO. 20-CV- 00258
SPRING, TEXAS 77386

## VERIFICATION

I, Carroll J. Landry, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, that I have read the foregoing <u>Verified Complaint In Rem</u> and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of April, 2020.

CARROLL LANDRY
Digitally signed by CARROLL LANDRY
Date: 2020.04.30 18:24:25 -05'00'

_____
CARROLL J. LANDRY
Bureau of Alcohol, Tobacco, Firearms, and Explosives

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | ) |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 20-CV-258- |
| 27551 South Lazy Meadow Way, Spring, TX | ) |
| | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  27551 South Lazy Meadow Way, Spring, TX

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   J. BRAD CASEY
ASSISTANT UNITED STATES ATTORNEY
777 FLORIDA STREET, ROOM 208
BATON ROUGE, LOUISIANA 70801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 20-CV-258-

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
27551 South Lazy Meadow Way, Spring, TX

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Brad Casey, AUSA
777 FLORIDA STREET, ROOM 208
BATON ROUGE, LOUISIANA 70801 TEL: 225-389-0443

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander    Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury    ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice    ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education    ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 801 et seq.
Brief description of cause:
Forfeiture In Rem

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 04/30/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ J. Brad Casey

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE